**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FLAVIO MONCADA-IZAGUIRRE,

Petitioner,

v.

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Case No. 2:26-cv-03343-MIS-JHR

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Flavio Moncada-Izaguirre's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 5, 2026. Respondents answered the Petition ("Response") on October 19, 2026, ECF No. 6.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Honduras who has lived peaceably in the United States since 2021. Pet. at 6. Since arriving in the United States, Petitioner has maintained employment, working under an Employment Authorization Document. Id. In addition, he has paid taxes. Id. Respondents provide no evidence to establish Petitioner has any criminal history. See generally Resp. Nevertheless, on December 27, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement and taken into custody. Pet. at 6. He has been detained ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at 1.

Although the Parties' submissions lack clarity, it appears that on or about February 3, 2026, an Immigration Judge denied Petitioner bond on the grounds that Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025) deprived him of jurisdiction to make a discretionary bond determination. Pet. at 5; Resp. at 2.[2] In addition, the Parties agree that on or about June 1, 2026, an Immigration Judge took no action on Petitioner's request for a bond redetermination because Petitioner did not have an original identification document. Pet. at 2; Resp. at 2. Respondents seem to suggest, but provide no evidentiary support, that an Immigration Judge held a bond hearing in March 2026 and denied Petitioner bond. Resp. at 2. Petitioner was ordered removed on June 3, 2026, and has appealed the removal order,[3] which the Executive Office for Immigration Review's ("EOIR") website shows as pending. Pet. at 4-5; EOIR.

---

[2] In addition, Petitioner filed a petition for writ of habeas corpus in the Southern District of Florida, alleging that his detention without a bond hearing denied him due process. Pet. at 5. A District Judge denied the petition on March 9, 2026, holding that Petitioner was subject to the mandatory detention scheme of 8 U.S.C. § 1225(b). Id. (citing Case No. 0:26-60496-WPD).

[3] Although it is not entirely clear, Petitioner suggests that he may have filed an application for asylum. Pet. at 5.

On October 6, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 3. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) requires relief." Id.

## II. Legal Standards

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Analysis

Petitioner argues that his prolonged detention, now approaching ten months, violates his Fifth Amendment due process rights. Respondents' response is curious, to say the least. Principally, Respondents argue that Petitioner has had a bond hearing, and although they acknowledge that "the legal sufficiency of Petitioner's bond hearing is unclear at this time," they oppose the Petition on two grounds: 1) district courts lack jurisdiction to review an immigration judge's discretionary

decisions; and 2) Petitioner, having had a bond hearing, has received all the process he is due. Resp. at 1-3.

At the outset, the Court suggests such opposition skirts the boundaries of a lawyer's duty not to defend a proceeding or assert or controvert an issue unless there is a basis in law or fact for doing so. See, e.g., N.M. Elks Ass'n v. Grisham, No. 21-0354 KG/LF, 2022 WL 2238507, at *1 (D.N.M. June 22, 2022). If the Respondents were unsure of the nature or constitutional adequacy of any bond hearings had by Petitioner, Respondents should have gathered information – which, notably, is in their possession – to determine whether there is a good faith argument that such hearings were constitutionally adequate. Instead, Respondents appear to presume, without a sufficient factual basis or any effort to ascertain relevant facts, that Petitioner had a constitutionally adequate bond hearing.

Respondents' own pleading makes clear that Petitioner has not received a constitutionally adequate bond hearing. See generally Resp. Respondents reference three possible bond hearings. First, they acknowledge that an Immigration Judge found that he lacked jurisdiction to conduct a bond hearing. Id. at 2. Second, they state that an Immigration Judge "took no action" during a June 2026 bond hearing because Petitioner lacked an original identification document. Id. Plainly, neither of these undisputed facts suggest an immigration judge made a discretionary decision under 8 U.S.C. § 1226(a) to deny Petitioner bond.

Then, remarkably, Respondents argue that the Court lacks jurisdiction to review the Immigration Judge's bond decision, stating in relevant part:

> By asking this Court to release the Petitioner, he is in effect seeking a review of the IJ's March 2026 bond decision. Section 1226(e) serves as a jurisdictional bar that precludes such a review. As discussed above, the IJ held a bond hearing on March 3, 2026, and denied the bond request.

Id.

But Respondents brief is devoid of any description of a March 2026 bond hearing and contains no evidentiary support that such a hearing was held. See generally Resp. Later, despite not presenting any evidence that Petitioner had an individualized bond hearing, Respondents argue that "having received [a bond hearing] and been denied bond, Petitioner has no constitutional right to be released during the pendency of his immigration proceedings . . . Petitioner is receiving all the process that is due to him under the constitution and the statutory and regulatory scheme set out by Congress in 8 U.S.C. § 1226(a)." Resp. at 7.

In short, Respondents oppose the Petition on their admitted uncertainty as to whether Petitioner had a constitutionally adequate bond hearing, and not any argument, supported by relevant and documented facts, that any bond hearing that was held was constitutionally adequate. Further, in focusing on idle speculation as to the constitutional adequacy of any alleged bond hearing, Respondents grossly mischaracterize Petitioner's argument. Petitioner does not seek review of a bond determination and indeed does not reference any individualized bond decision. See generally Pet. Rather, Petitioner asserts that his prolonged detention violates his Fifth Amendment due process rights, a fact the Court drew the Respondents' attention to in the Order to Show Cause, and an argument the Respondents do not address. See generally Pet. and Resp. To the extent that Respondents argue that the Court should deny the Petition because it lacks jurisdiction to review the Immigration Judge's bond determination or because Petitioner "is receiving all the process that is due," the Court summarily rejects such argument as the record contains no indication whatsoever than any immigration judge ever made such a determination.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not

address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition and failure to provide any details to rebut Petitioner's allegations related to his prolonged detention constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of just under ten months, with no reasonably foreseeable end in sight,[4] is excessive in

[4] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

In addition, as described above and contrary to Respondents' characterization of the record, it is plain Petitioner has not had an individualized bond hearing. The Parties agree that: 1) in February 2026, the Immigration Judge declined to exercise jurisdiction over Petitioner's bond request (and so axiomatically did not make a discretionary, individualized bond determination); and 2) in June 2026, the Immigration Judge, by Respondents own words, "took no action" on Petitioner's bond request (and thus did not make at that time a discretionary, individualized bond determination). See generally Pet. and Resp. Respondents point to a phantom bond hearing in March 2026 but provide no evidence that such a hearing actually occurred or what the Immigration

---

Segura Serrano v. Scott, Case No. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Judge decided there. See generally Resp. Thus, Petitioner's case is indistinguishable from Santillan Quiroz, where the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. Accordingly, the Court finds further that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. See generally Resp. Therefore, the Court orders his immediate release. The Court further orders that Petitioner shall not be re-detained absent (1) evidence that Petitioner has committed a crime, absconded in his administrative immigration proceedings, if any, or failed to comply with reasonable conditions of his release, or (2) a valid final order of removal. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Flavio Moncada-Izaguirre from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime, absconded in his administrative immigration proceedings, if any, or failed to comply with reasonable conditions of his release, or (2) a valid final order of removal;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE